IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to:<br><br>*AT&T Mobility LLC v. AU Optronics Corp., et al.,* C 09-4997 SI<br><br>*Best Buy Co., Inc. v. AU Optronics Corp., et al.,* C 10-4572 SI<br><br>*Costco Wholesale Corp. v. AU Optronics Corp., et al.,* C 11-0058 SI<br><br>*Electrograph Systems, Inc. v. Epson Imaging Devices Corp., et al.,* C 10-0117 SI<br><br>*Motorola Mobility, Inc., et al. v. AU Optronics Corp., et al.,* C 09-5840 SI<br><br>*Target Corp. v. AU Optronics Corp., et al.,* C 10-4945 SI / | Case Nos.: C 09-4997 SI; C 10-4572 SI; C 11-0058 SI; C 10-0117 SI; C 09-5840 SI; C 10-4945 SI<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING MOBILE PHONE DISPLAYS** |

Defendants' motion for summary judgment regarding mobile phone displays is scheduled for a hearing on December 7, 2012. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument, and VACATES the hearing on this motion. For the reasons set forth in this order, defendants' motion is DENIED. Docket Nos. 6212 & 6372.

Defendants Chunghwa Picture Tubes ("CPT") and HannStar Display Corporation ("HannStar") move for summary judgment against plaintiffs on all claims that are based on purchases of LCD panels or modules for mobile phones (Motorola), or based on purchases of mobile phones containing LCD panels or modules (AT&T, Best Buy, Costco, Target, and Electrograph). Defendants contend that there

1  is no evidence that CPT or HannStar conspired to fix the prices of mobile phone displays.[1] Defendants
2  argue that the CPT and HannStar guilty pleas were limited to large TFT-LCD panels used primarily for
3  notebook computers and monitors, and that the evidence shows that the scope of the "Crystal" meetings,
4  and the agreements reached among attendees at those meetings, did not involve mobile phone displays.
5  Defendants also assert that "[n]either entity was provided the opportunity to attempt qualification as a
6  potential supplier by the OEM Plaintiffs, a necessary precondition to supply them. Without qualification
7  as an approved supplier, neither CPT nor HannStar could, nor did, submit a bid to the OEM Plaintiffs,
8  and neither entity accordingly supplied any modules to the OEM Plaintiffs." Docket 6212 at 16:6-9.

9    Viewed in the light most favorable to plaintiffs, as is required on motions for summary judgment,
10 the Court concludes that there is admissible evidence from which a jury could conclude that CPT and
11 HannStar conspired to fix the prices of mobile phone displays. *See In re Citric Acid Litigation*, 191 F.3d
12 at 1096 (9th Cir. 1999) (stating standard on summary judgment). Plaintiffs have submitted evidence
13 showing that LCD manufacturers, including CPT and HannStar, exchanged information about
14 production, capacity, and shipment volumes for small size LCD panels during the Crystal meetings,
15 "vendor parties," and in bilateral meetings. *See, e.g.*, Docket No. 6712-1 (document titled "Summary
16 report of mid and small size products information exchange meeting between HannStar and CPT,"
17 stating, *inter alia*, "HannStar agrees that the small sizes production should be controlled in order to
18 maintain the prices and profits, and wishes to form a flat screen alliance to control the output . . ." and
19 "The response to the exchange meeting is positive, and will be held again. Please also contact Chi Mei
20 and AUO mid/small sizes development personnel for exchange meetings.").

21   Plaintiffs have also submitted evidence showing that CPT and HannStar manufactured smaller-
22 size LCDs used in handsets during the conspiracy period, and thus there is a question as to whether
23 defendants were actual or potential competitors in the mobile phone display market. *See United States*
24 *v. Sargent Elec. Co.*, 785 F.2d 1123, 1127 (3d Cir. 1986) ("Where, as here, however, the disputed issue
25 is the existence or scope of the alleged horizontal agreement that is to be inferred from circumstantial
26 evidence, the first inquiry must be whether or not each firm alleged to have been a party to it was an

---

28   [1] For ease of reference, this order refers to LCD panels or modules used in mobile phones collectively as "mobile phone displays."

actual or potential competitor in that market."). Further, even if CPT and HannStar did not manufacture mobile phone modules purchased by the OEM plaintiffs, defendants are still liable for the actions taken by others in furtherance of the alleged conspiracy. *See Beltz Travel Serv., Inc. v. Int'l Air Transport Ass'n*, 620 F.2d 1360, 1367 (9th Cir. 1980) ("If the appellees conspired with the airline tour operators, the action of any of the conspirators to restrain or monopolize trade is, in law, the action of all. All conspirators are jointly liable for the acts of their co-conspirators.") (citation omitted).[2]

Accordingly, the Court DENIES defendants' motion for summary judgment.

**IT IS SO ORDERED.**

Dated: December 4, 2012

SUSAN ILLSTON
United States District Judge

---

[2] The Court reserves the question of whether plaintiffs are entitled to an adverse inference based on a HannStar employee's invocation of the Fifth Amendment at his deposition. The parties may renew their arguments on this point prior to trial.